SLIP OPINION

Cite as 2016 Ark. 309

# SUPREME COURT OF ARKANSAS

No. CV-16-434

| | |
|---|---|
| TERESA LYNETTE BLOODMAN<br>PETITIONER | Opinion Delivered: September 15, 2016 |
| V.<br><br>STARK LIGON, AS EXECUTIVE DIRECTOR OF THE SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT<br>RESPONDENT | PETITION FOR WRIT OF CERTIORARI; PETITIONER'S EXPEDITED MOTION FOR STAY OF INTERIM SUSPENSION PENDING THE OUTCOME OF THE PETITION FOR WRIT OF CERTIORARI; PETITION FOR WRIT OF CERTIORARI TO LODGE THE RECORD AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS; REQUEST TO STRIKE SELECTED EXHIBITS TO RESPONDENT'S RESPONSE<br><br>REMANDED TO SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT FOR ENTRY OF A NEW ORDER. |

## PER CURIAM

Petitioner Teresa Lynette Bloodman filed with this court a petition for writ of certiorari challenging an order of the Supreme Court Committee on Professional Conduct (Committee) temporarily suspending her from the practice of law. Bloodman also filed a petition for writ of certiorari to lodge the record and an expedited motion for stay of the interim suspension. Stark Ligon, as executive director of the Committee, filed a combined response to Bloodman's petitions. Bloodman filed a reply and requested to strike selected

exhibits. After consideration of these petitions and responses, we remand to the Committee with directions to enter a new order.

Section 17(E)(3) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law authorizes a panel of the Committee to temporarily suspend a lawyer's privilege to practice law immediately on its decision to initiate disbarment proceedings. On March 21, 2015, a panel of the Committee unanimously referred Bloodman to disbarment proceedings and imposed an interim suspension with the disbarment referral. The Committee filed its interim-suspension order on March 22, 2016, and Bloodman's law license has been suspended since that date.

Section 16(A)(3) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law provides that

> a panel of the Committee may impose an interim suspension upon presentation of a verified petition by the Executive Director containing sufficient evidence to demonstrate that the attorney poses a substantial threat of serious harm to the public or to the lawyer's clients.

In *Tapp v. Ligon*, 2013 Ark. 259, 428 S.W.3d 492, we adopted four factors to be utilized when this court considers a petition for a writ of certiorari to vacate an interim suspension of a law license. Those factors are (1) whether the public will suffer irreparable harm unless the order of interim suspension issues; (2) whether the threatened injury to the public outweighs whatever damage the proposed order may cause the attorney temporarily suspended from the practice of law; (3) whether the proposed order, if issued, would be adverse to the public interest; and (4) whether there is a substantial likelihood, based on all

of the available evidence, that a significant sanction will be imposed on the attorney at the conclusion of any pending disciplinary proceedings. *Id.* at 9–10, 428 S.W.3d at 497–98.

We remand to the Committee for entry of a new order with an analysis of the *Tapp* factors in light of the evidence presented to the Committee. The Committee has twenty days from the date of this per curiam opinion to file its order with this court. Bloodman has fifteen days to file a response to the new order. Bloodman's interim suspension remains in effect.

It is so ordered.

SPECIAL JUSTICES Rebecca Blass and Jeffrey Hatfield join.

DANIELSON, J., dissents.

WOOD and WYNNE, JJ., not participating.

**PAUL E. DANIELSON, Justice, dissenting.** I would deny the petition for writ of certiorari.